UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

VANTAGE TOWER GROUP, LLC,

Plaintiff,

v.     4:13-cv-258

CHATHAM COUNTY–SAVANNAH
METROPOLITAN PLANNING
COMMISSION AND MAYOR AND
ALDERMEN OF THE CITY OF
SAVANNAH, GEORGIA,

Defendants.

## ORDER

### I. INTRODUCTION

The appetite of consumers for ever-larger buffets of mobile data knows no apparent bounds. But mobile data requires immobile towers, and few appreciate having such structures built in their backyards.

Vantage Tower Group, LLC ("Vantage"), wants to construct a wireless transmission tower on 57th Street in Savannah. ECF No. 29-34 at 2. Both the Chatham County-Savannah Metropolitan Planning Commission ("MPC") and the Mayor and Alderman of Savannah, Georgia ("the City"), have denied Vantage's request. Therefore, Vantage has sought relief in this Court. ECF No. 1.

Currently before the Court are competing motions for summary judgment. For the reasons set forth below, the Court *GRANTS* Vantage's motion and *DENIES* the City's motion.

### II. BACKGROUND

To promote telecommunication competition and quality on a national scale, Congress enacted the Telecommunications Act of 1996 ("the TCA"). *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 115 (2005). In particular, the TCA "imposes specific limitations on the traditional authority of state and local governments to regulate the location, construction, and modification of [wireless communications] facilities." *Id.* Under this statute,

> local governments may not 'unreasonably discriminate among providers of functionally equivalent services,' take actions that 'prohibit or have the effect of prohibiting the provision of personal wireless services,' or limit the placement of wireless facilities 'on the basis of the environmental effects of radio frequency emissions.' They must act on requests for authorization to locate wireless facilities 'within a reasonable period of time,' and each decision denying such a request must 'be in writing and supported by substantial evidence contained in a written record.'

*Id.* at 116 (quoting 47 U.S.C. § 332(c)(7) (citations omitted)). Under the TCA, "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v).

Vantage wanted to build a freestanding wireless transmission tower in Savannah,

Georgia. ECF No. 29-1 at 2. It intended to use the tower to provide additional wireless coverage to customers of AT&T. ECF No. 29-34 at 2. Vantage wanted to construct the tower to a height of 127 feet, ECF No. 29-1 at 2, which was a problem because Savannah prohibits freestanding towers taller than eighty-five feet, ECF No. 20 at 8. Thus, Vantage sought a variation from the MPC. ECF No. 29-1 at 2.

The MPC held three public hearings to evaluate Vantage's proposal. ECF Nos. 29-14, 29-16, 29-18. It also evaluated the work of various investigators. ECF Nos. 29-2, 29-3. At the conclusion of its investigation, the MPC denied Vantage's request. ECF No. 29-1 at 3.

Vantage then appealed to the City, ECF No. 29-23, which held a public hearing on February 20, 2014, ECF No. 29-21. At the hearing, the members of the city council and the mayor discussed Vantage's request with the city attorney and interested community members. *Id.* at 4-10. They also questioned Vantage's attorney extensively. *Id.* at 8-10. The council voted to grant Vantage's request for a tower but to deny its request for a variance. *Id.* at 10.

On March 3, 2014, the City sent a letter to Vantage, stating its decision. ECF No. 29-20. In its entirety, the letter ("Letter") stated as follows:

> At the regular meeting of City Council, Thursday, February 20, 2014, a public hearing was held on a petition of Terry Thomas, Agent for Vantage Tower Group, LLC, to repeal the denial by the Chatham County-Savannah Metropolitan Planning Commission of October 31, 2013, on a request for a proposed 120-foot monopole Wireless Telecommunications Facility with internal antennae to be located at 1105 East 57th Street, which is currently zoned PRM-27 (Planned Multifamily -27 units per acre) was heard. The appellant is further requesting a variance to reduce the required landscaping and buffering from a six-foot fence with 15-foot planted buffer to a 10-foot fence with a five-foot planted buffer.
>
> *Council voted to approve an 85 foot tower with no variances.
>
> For additional information, please see City Council meeting minutes of February 20, 2014 at www.savannah ga.gov.

*Id.*

Vantage now comes before this Court seeking an order that requires the City to grant Vantage's application for a tower. ECF No. 20.

### III. STANDARD OF REVIEW

As noted above, a person adversely affected by a final action of a local government may bring an action in the district court. *See* 47 U.S.C. § 332(c)(7)(B)(v). "By structuring the TCA in this manner, Congress explicitly preserved local zoning authority over the siting of wireless facilities, while permitting judicial oversight as to the manner in which such decisions are made." *Preferred Sites, LLC v. Troup Cnty.*, 296 F.3d 1210, 1215-16 (11th Cir. 2002). "[I]f the action alleges that the state or local government violated any of the other statutory limitations on its regulatory authority, the court decides the issue *de novo*." *T-Mobile Ne. LLC v.*

*Loudoun Cnty. Bd. of Supervisors*, 748 F.3d 185, 192 (4th Cir. 2014).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Reese*, 527 F.3d at 1268 (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The nonmoving party then "may not rest upon the mere allegations or denials of [its] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

### IV. ANALYSIS

The issue for this Court is whether the City's decision to deny Vantage's request for a height variance violates the TCA. *See TowerCom V, LLC v. City of Coll. Park, Ga.*, 2013 WL 4714203, at *5 (N.D. Ga. Aug. 21, 2013). The Court finds that it does.

As an initial matter, the Court finds that there is no genuine issue of material fact presented by the parties. Neither party disputes that Vantage's request to build a tower was not granted. Neither disputes that the City's Letter contained the entirety of the City's decision. *See* ECF Nos. 29-34 at 21-22; 33 at 10.

As noted above, the TCA requires that a decision denying a request for a wireless transmission tower "be in writing." *See* 47 U.S.C. § 332(c)(7)(iii). At the time of the City's decision, the Eleventh Circuit held that a letter similar to the Letter was sufficient to fulfil this requirement. *See T-Mobile S., LLC v. City of Roswell, Ga.*, 731 F.3d 1213, 1220-21 (11th Cir. 2013) (*Roswell I*), rev'd and remanded, 2015 WL 159278 (U.S. Jan. 14, 2015). However, the United States Supreme Court recently reversed and remanded that decision. *See T-Mobile S., LLC v. City of Roswell, Ga.*, --- S. Ct. ---, 2015 WL 159278 (Jan. 14, 2015) (*Roswell II*).

In its decision, the Supreme Court held that "localities must provide reasons when

3

they deny cell phone tower siting applications." *Id.* at *6. This is because "[i]n order to determine whether a locality's denial was supported by substantial evidence, as Congress directed, courts must be able to identify the reason or reasons why the locality denied the application." *Id.* at *5. Although those reasons need not be given in the same document denying an application, "the locality must provide or make available its written reasons at essentially the same time as it communicates its denial." *Id.* at *7. "[T]hese reasons need not be elaborate or even sophisticated, but . . . simply clear enough to enable judicial review." *Id.* at *6.

Here, the Letter did not provide any reasons for its decision. Indeed, in its brief, the City argues that reasons are unnecessary. ECF No. 33 at 10. The City's provided materials are consistent with its argument that reasons are unnecessary, since the Court is unable to find any such reasons in the record. Although the City did provide minutes of the February 20, 2014, meeting, ECF No. 29-21, those minutes do not reveal why the City denied Vantage's application.[1] It is difficult—if not impossible—for the Court to determine whether the City has violated the substantive provisions of the TCA because the City did not state its reasons for its decision. *See Roswell II*, 2015 WL 159278, at *5 ("[I]t would be considerably more difficult for a reviewing court to determine whether a locality had violated these substantive provisions if the locality were not obligated to state its reasons."). The Court cannot even reach the question of whether substantial evidence supports the City's decision because the City did not explain with sufficient specificity why it acted the way it did.

Therefore, the Court finds that the City has violated the TCA by failing to provide reasons for its denial of Vantage's request for a variance. Because the Court finds that the City has not complied with the TCA, the party's remaining arguments will not be addressed.

## V. RELIEF

Vantage seeks either monetary damages or a writ of mandamus requiring the City to approve its application to build a tower. ECF No. 20 at 22. However, neither remedy is appropriate in this situation.

Although the TCA does not provide a remedy for violations of its substantive provisions, *Brehmer v. Planning Bd. of Town of Wellfleet*, 238 F.3d 117, 120 (1st Cir. 2001), "[t]he grant of equitable relief is a matter of judicial discretion," *Preferred Sites*, 296 F.3d at 1220. An injunction ordering issuance of a permit is appropriate, *id.* at 1222, and is the result "in the majority of cases," *see Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals*, 297 F.3d 14, 21 (1st Cir. 2002). *See also Cellular Tel. Co. v.*

---

[1] Nor does the existence of a transcript of the meeting suffice to provide reasons. In *Roswell II*, the Supreme Court noted that when the appealing telecommunications company had arranged for its own transcript of the meeting, such a step "cannot be said to satisfy the obligation that Congress placed on the City to state clearly its reasons, and to do so in a writing it provides or makes available." *Roswell II*, 2015 WL 159278, at *9 n.7. This describes precisely the situation now before the Court, since Vantage paid for and provided the transcript of the February 20, 2014, meeting. *See* ECF No. 29-22 at 2. Thus, that transcript—even if it contained reasons—does not fulfill the City's obligation under the TCA.

*Town of Oyster Bay*, 166 F.3d 490, 497 (2d Cir. 1999) ("[T]he majority of district courts that have heard these cases have held that the appropriate remedy is injunctive relief in the form of an order to issue the relevant permits."). Another option is a remand with instructions to the locality to comply with the TCA. *See Nat'l Tower*, 297 F.3d at 24; *see also AT&T Wireless PCS, Inc. v. City of Chamblee*, 10 F. Supp. 2d 1326, 1334 (N.D. Ga. 1997) ("[T]here are other forms of relief that the Court could consider, such as a remand to the Council to reconsider the application."). Such a remedy is sometimes appropriate if the situation is, "for example, an instance of good faith confusion by a board that has acted quite promptly." *Nat'l Tower*, 297 F.3d at 24. Ultimately, the decision whether to remand or to issue an injunction is left to the district court. *Preferred Sites*, 296 F.3d at 1220 (noting that when a locality violates the TCA "[t]he grant of equitable relief is a matter of judicial discretion.").

At the time it was sent, the Letter complied with the Eleventh Circuit's interpretation of the TCA. *See Roswell I*, 731 F.3d at 1220. The City failed to comply with the TCA, but it did not act in bad faith and it was complying with then-current law. Therefore, the Court will not grant Vantage's request for either money damages or a writ.

The Court remands Vantage's request for a variance back to the City with instructions to comply with the TCA. In light of the Supreme Court's recent decision, the Court hopes that the City's decision-making process during its second attempt will include a list of detailed reasons explaining the basis for whatever its decision might be.

## VI. CONCLUSION

The Court *GRANTS* Vantage's Motion for Summary Judgment, ECF No. 29. The Court also *DENIES* the City's Motion for Summary Judgment, ECF No. 32. Vantage's Motion to Exclude Affidavit, ECF No. 45, is *DISMISSED* as moot.

Because the Court has granted Vantage's Motion, the clerk is directed to *DISMISS* this case.

This 2( day of January 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5